# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 00-40779
Summary Calendar

---

MICHAEL EARL CHILDERS,

Plaintiff-Appellant,

versus

MARY CHOATE, Sheriff, Individually and in
her official capacity as Sheriff of Bowie
County, Texas; BOWIE COUNTY, TX; JAMES
PRINCE, Individually and as Deputy Sheriff
of Bowie County, Texas; LANCE HALL,
Individually and as Deputy Sheriff of Bowie
County, Texas,

Defendants-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:95-CV-149
--------------------------------------------------------
April 5, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Michael Earl Childers appeals the district court's summary judgment in favor of the

defendants Mary Choate, James Prince, and Bowie County, Texas. On appeal, he asserts that the

district court erred in granting qualified immunity to Prince on his claims of false arrest by Prince

because there was no probable cause to arrest Childers for any of the nine charges eventually lodged

against him. He has revealed no genuine issue of material fact regarding the existence of probable

cause as to at least some of the charges. Because there existed probable cause to arrest Childers on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

some of the charges, his claims of false arrest fail.  See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995).

Childers maintains that even if probable cause exists to support some of the charges, Prince is not entitled to qualified immunity because the addition of the charges for which he did not have probable cause to arrest Childers led to the imposition of a bond that was higher than Childers could afford.  As a result, Childers could not obtain immediate release from jail and was left in jail for two weeks until the bond was lowered.  Childers has failed to show that a clearly established constitutional right to affordable bail exists.  Moreover, Childers has failed to show that Prince's actions in filing charges against Childers were the direct cause in the setting of the bond, a discretionary action by a magistrate judge.  See TEX. CRIM. P. CODE ANN. art. 7.06 (Vernon 2000).

Childers maintains that the district court improperly granted summary judgment in favor of Bowie County and Choate because Prince admitted that he had been following county policies when he arrested Childers.  To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must demonstrate that an official municipal policy or custom caused a constitutional violation.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).  As explained above, Childers has failed to show a constitutional violation.  Moreover, Prince's generic statement about following county policy is insufficient to "specifically identify" the policy that resulted in the violation of Childers's rights. See Piotrowski v. City of Houston, 237 F.3d 567, 2001 WL 6712 at *7 (5th Cir. Jan. 17, 2001, No. 98-21032).  The district court's summary judgment in favor of the defendants is AFFIRMED.